PROB 12C
(6/16)

Report Date: August 19, 2016

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Robert E. Denton                              Case Number: 0980 2:08CR00094-RHW-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: September 30, 2009

Original Offense:        Possession of 5 Grams or More of Cocaine Base, in the Form of Crack Cocaine, 21
                         U.S.C. § 844(a)

Original Sentence:       Prison - 60 months;                    Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Aine Ahmed                             Date Supervision Commenced: November 10, 2015

Defense Attorney:        Colin G. Prince                        Date Supervision Expires: November 9, 2018

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number         Nature of Noncompliance

           1             **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the
                         probation officer and follow the instructions of the probation officer.

                         **Supporting Evidence**: On August 3, 2016, the undersigned officer, with the assistance of
                         United States Probation Officer Law, was able to contact Mr. Denton at his residence during
                         an unscheduled home contact. During the contact, the client was directed to report to U.S.
                         Probation the following day (August 4, 2016) to allow for both his community service and
                         employment documentation to be reviewed to ensure his compliance with his conditions as
                         ordered by the Court. Mr. Denton failed to report on August 4, 2016, as directed. A monthly
                         report was received at U.S. Probation on August 5, 2016, but only included a copy of a pay
                         stub encapsulating the week beginning July 23, 2016, and ending July 29, 2016, and totaling
                         8 hours of work.

                         Following Mr. Denton's failure to report to U.S. Probation as directed, the U.S. Probation
                         Office attempted telephonic contact with the client on at least ten occasions beginning on
                         August 5, 2016, and most recently occurring on August 16, 2016. Mr. Denton continually
                         failed to respond to the undersigned officer's voice mails directing him to both

report and to contact the undersigned officer as soon as possible.

On August 10, 2016, a home contact was attempted by U.S. Probation, and while no answer was received, a note was left on the door directing the client to contact his assigned officer as soon as possible. Mr. Denton again failed to respond to the directive, and on August 16, 2016, the landlord confirmed that only one other note was present on the client's door, which was placed by another tenant.

On August 15, 2016, the undersigned officer contacted Alcohol Drug Education Prevention and Treatment (ADEPT) to verify Mr. Denton's level of compliance with the provider and was informed that the client was currently in class. Two different treatment staff employees later verified that at the request of the undersigned officer they contacted Mr. Denton, removed him from class, and directed him to contact the undersigned officer immediately. Treatment staff would later indicate that once in possession of this information, Mr. Denton returned to class and then left the facility after completion of his session without contacting the undersigned officer as directed.

On August 17, 2016, Mr. Denton reported to U.S. Probation and indicated that he had received a card in his door and was informed by his landlord that I had been attempting to contact him. When questioned on his avoidance behavior, Mr. Denton indicated that he had been sick, had not been staying at his residence for two weeks, had lost his wallet with the undersigned officer's contact information, and had broken his phone.

2        **Standard Condition # 10**: The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

**Supporting Evidence**: On August 17, 2016, Mr. Denton reported to U.S. Probation and indicated that he had not been staying at his residence for the past 2 weeks. Mr. Denton admitted that he should have provided notification of the change to the undersigned officer, and was unable to provide justification for his failure to do so.

3        **Special Condition # 17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On August 17, 2016, the U.S. Probation Office in Spokane was notified by ADEPT that Mr. Denton missed his random urinalysis test previously scheduled at ADEPT on August 16, 2016.

4        **Special Condition # 22**: You shall complete 240 hours of community service work, at the rate of not less than 20 hours per week at a not-for-profit site approved in advance by the supervising probation officer. The hours are to be completed in full no later than September 28, 2016.

**Supporting Evidence**: On June 22, 2016, Mr. Denton appeared in court to address seven alleged violations of his supervised release. Mr. Denton admitted guilt, and in response the Court modified Mr. Denton's conditions of supervised release to include a total of 240 hours of community service, with credit given at a rate of 20 hours of community service for every

Prob12C
**Re: Denton, Robert E.**
**August 19, 2016**
**Page 3**

week that Mr. Denton maintained employment. Mr. Denton was afforded 2 weeks to locate employment, prior to the condition becoming enforceable. Since the implementation of this condition only one pay stub noting 8 hours of work has been submitted to U.S. Probation. On August 17, 2016, Mr. Denton reported to U.S. Probation and admitted to only working approximately 8 days since his revocation hearing occurring on June 22, 2016. Mr. Denton further indicated that he had only completed 20 hours of community service hours. Mr. Denton has still yet to provide any verification of these claims other than one pay stub provided with his monthly report on August 5, 2016, documenting a total of 8 hours all occurring during one day of employment.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   August 19, 2016

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[  ]  No Action
[ X ]  The Issuance of a Warrant
[  ]  The Issuance of a Summons
[  ]  Other

_____
Signature of Judicial Officer

August 19, 2016
Date